UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES E. ARNOLD,

    Petitioner,

v.                                                Case No. 8:05-cv-287-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Arnold petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for two counts of sexual battery, for which he is serving thirty years. The response (Doc. 5) to the petition is supported by numerous exhibits ("Respondent's Exhibit"). The only ground for relief asserts that trial counsel was ineffective for not questioning whether the jury venire was properly sworn prior to voir dire. The response tacitly admits exhaustion.

A jury convicted Arnold of two counts of sexual battery of a minor over whom he had familial or custodial authority. Arnold raised one issue on direct appeal (Respondent's Exhibit 1), which issue was rejected (Respondent's Exhibit 3). The only issue Arnold raised in his Rule 3.850 motion for post-conviction relief (Respondent's Exhibit 5) was the ineffective assistance of counsel claim asserted in the federal petition. The state court summarily rejected the claim (Respondent's Exhibit 6), a decision that was affirmed (Respondent's Exhibit 9).

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. <u>Wilcox v. Florida Dep't of Corrections</u>, 158 F.3d 1209, 1210 (11th Cir. 1998), <u>cert. denied</u>, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this

> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one."  Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Arnold's conviction and sentence were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 3), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 9).  The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Arnold has the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies only to a finding of fact, not a mixed

- 3 -

determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the trial court's rejection of Arnold's post-conviction claims (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 6).

### **INEFFECTIVE ASSISTANCE OF COUNSEL**

Arnold claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if

the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Arnold must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Arnold must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

The only ground Arnold presents is that trial counsel was ineffective for not questioning whether the jury venire was properly sworn prior to voir dire. The state court rejected this claim in Arnold's Rule 3.850 motion for post-conviction relief, stating:

> In his motion, the defendant raises a single claim based on alleged ineffective assistance of counsel.  Specifically, the defendant contends that his trial counsel was ineffective for not objecting to the trial court's failure to place prospective jurors under oath prior to voir dire.  In <u>Hayes v. State</u>, 855 So.2d 144 (Fla. 4th DCA 2003), the court held that an ineffective assistance of counsel claim based upon counsel's failure to object when a trial court judge failed to place the prospective jurors under oath prior to voir dire is legally insufficient to warrant further proceedings.
>
> Moreover, this court notes that the standard procedure of the Tenth Judicial Circuit requires every prospective juror to go through a qualification process prior to entering the courtroom for voir dire, and the prospective jurors are sworn at that time.  *See* <u>Davis v. State</u>, 848 So.2d 418, 419 (Fla. 2d DCA 2003).

Order Denying Motion for Postconviction Relief (Respondent's Exhibit 6).  Arnold must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The respondent argues that Arnold fails to meet his "contrary to" or "unreasonable application of" burden in Section 2244(d)(1).  In his reply (Doc. 7), Arnold argues that the state court's decision is based on an unreasonable determination of the facts, contrary to Section 2244(d)(2).

Arnold misunderstands the burdens.  The state court rejected Arnold's claim based on the presumption that standard procedure was followed, i.e., the jury venire's oath requirement was fulfilled when each juror was qualified in the jury assembly room prior to entering the courtroom. Addendum 1, ¶ 1 to Administrative Order 7-2.2, Tenth Judicial Circuit ("[A] Polk circuit or county judge . . . qualif[ies] prospective jurors in the

jury assembly room . . . . "). State precedent recognizes that standard procedure. See e.g., Lott v. State, 826 So.2d 457 (1st DCA 2002); Pena v. State, 829 So.2d 289 (2nd DCA 2002); and Hayes v. State, 855 So.2d 144 (4th DCA 2003). Arnold has the burden of proving that standard procedure was not followed, i.e., the prospective jurors were not duly sworn prior to entering the courtroom. Pena v. State, 829 So.2d at 293-94 ("Mr. Pena has not alleged or proven by posttrial motions or affidavits that the venire was unsworn."). Because Arnold failed to present contrary facts, the state court's decision is not based on an unreasonable determination of the facts.

Accordingly, Arnold's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Arnold and close this action.

ORDERED in Tampa, Florida, on February 8, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE